UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID AND MARGARET LEWIS,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

CASE NO. 4:18-cv-03931
Judge Nancy Atlas

**DEFENDANT ALLSTATE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY PARTIAL JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON CONTENTS CLAIM**

Defendant, ALLSTATE INSURANCE COMPANY, through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, serves its reply in support of its motion for summary partial judgment, and oppositions to plaintiffs, DAVID AND MARGARET LEWIS', cross-motion for partial summary judgement on contents claim, and in support thereof, states:

**I.**    **ARGUMENT**

Plaintiffs' failed to identify specific evidence in the record of the existence of a material fact issue, and summary partial judgment should be entered in Allstate's favor and against Plaintiffs. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986).

Allstate's motion for summary partial judgment does not rely "exclusively on a few lines of Dr. Lewis' deposition" where he did not remember the damages he seeks in this action. Plaintiffs' Opp. to Allstate's Motion for Summary Partial Judg., at p. 1 [D.E. 30]. In fact, Allstate's counsel did not ask Dr. Lewis to rely on his "memory" at all when questioning him about his

contents claim. Dr. Lewis was handed Allstate's contents estimate to review. He testified that "all of the items that were on [his inventory] were included in the Allstate estimate." D. Lewis Dep., 34:2-3.

Dr. Lewis' contradicting affidavit is not competent summary judgment evidence, and should not be considered by this Court when ruling on Allstate's motion for summary partial judgment. Dr. Lewis was deposed on August 30, 2019 in the presence of his attorney. If Dr. Lewis testified incorrectly, inaccurately, or incompletely, his counsel was present to clarify any such issue during cross-examination. Furthermore, approximately eight months passed since the deposition and not once did Dr. Lewis attempt to correct or otherwise clarify his testimony via an errata sheet or other means. Evidently, his affidavit is merely an attempt to create an issue of material fact where there is none.

Similarly, Plaintiffs' unsworn expert report is not competent summary judgment evidence, and should not be considered by this Court. Rule 56 requires that evidence proffered in opposition to summary judgment must be sworn or declared under penalty of perjury, or the proponent must otherwise show that a statement could be reduced to admissible evidence at trial. Plaintiffs' expert report is undated, unsigned, and unsworn and, therefore, fails to meet the admissibility requirements under Rule 56.

II.     **MEMORANDUM OF LAW**

    A.     **Dr. Lewis was fully aware that his contents claim was completely paid when he testified to that effect.**

Plaintiffs suggest Dr. Lewis was subjected to a guessing game during his deposition. Nothing could be further from the truth. Notably, both Plaintiffs are highly educated individuals and hold high positions in their respective fields. David Lewis has a Ph.D. in geology and works

for BHP Petroleum. D. Lewis Dep., 8:16-17. Margaret Lewis is a college professor with a Ph.D. in psychology. D. Lewis Dep., 8:18-19. Neither plaintiff is a push-over or susceptible to trickery.

Plaintiffs' argument that Allstate's motion for summary partial judgment should be denied because Dr. Lewis "could not recall" the damages he seeks in this action is without merit. Dr. Lewis was presumably prepared for his deposition by his attorney. He also prepared for the deposition on his own:

> **Q.** Did you do anything to prepare for today's deposition?
>
> **A.** I did.
>
> \*\*\*
>
> **A.** I reviewed the estimate for the adjustment report, repair report from ATA. I reviewed notes from a conversation with my attorney, and I reviewed some personal notes of my own on some of these documents.

D. Lewis Dep., 30:24-25, 31:1, and 10-13. Dr. Lewis was in possession of all such documents during questioning and was free to disagree with Allstate's counsel's representations. Instead, he admitted his contents claim was completely paid.

> **Q.** Do you remember preparing an itemized [inventory] of the contents that were damaged as a result of the flood for Allstate?
>
> **A.** Yes, I do.
>
> **Q.** Okay. As far as you recall, were you compensated for the [inventory] that you submitted to Allstate after the flood?
>
> **A.** As recall, all of the items that were on that [inventory] were included in the Allstate estimate.
>
> **Q.** And we're talking about Exhibit 5?
>
> **A.** That's correct.

D. Lewis Dep., 33:20-25, and 34:1-5.

B.     **Dr. Lewis' affidavit is not competent summary judgment evidence.**

A party may not defeat a motion for summary judgment using an affidavit that impeaches his sworn testimony without explanation. *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). An affidavit contradicting prior sworn testimony, rather than providing "greater detail or additional facts not previously provided in the deposition" cannot be considered summary judgment evidence. *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988).

Here, Dr. Lewis' affidavit does nothing but "tell[] the same story differently." *Id.* Dr. Lewis testified that all of the items included in his contents inventory were covered by Allstate's $40,157.30 payment. He also testified that he did not later discover other contents that were damaged, but not included in his original inventory.

> **Q.** And then after you received the [$40,157.30] check for contents, *were there subsequent items that you saw that were damaged by the flood directly that were not in the estimate,* as far as you recall?
>
> **A.** I don't recall anything specific, no.

D. Lewis Dep., 34:19-23. (Emphasis added).

Dr. Lewis allegations in his affidavit that he has since "reviewed the estimate, along with an expert report" as justification for changing his testimony makes no sense. He reviewed the estimates before and during the deposition. His suggestion that his contents expert's report is, somehow, new to him is also disingenuous. Plaintiffs' contents expert, Exact Inventory Company, was listed in their April 5, 2019 discovery protocols which is almost five months before his deposition.

### C. Exact Inventory Company's report is not competent summary judgment evidence.

Federal Rule of Civil Procedure 56 requires that "evidence proffered in opposition to summary judgment must be sworn or declared under penalty of perjury, or the proponent must otherwise show that a statement could be reduced to admissible evidence at trial." See *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015) (noting that "because the testimony that [the nonmovant] initially offered in opposition to summary judgment was neither sworn nor declared under penalty of perjury to be true and correct, it was not competent evidence"); see also *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("To avoid the use of materials that lack authenticity or violate other evidentiary rules, the new rule allows a party to object 'that the material cited to support or dispute a fact cannot be presented in a form that would be admissible [in] evidence.'" (quoting Fed. R. Civ. P. 56(c)(2))).

In this case, Plaintiffs offered Exact Inventory Company's report not only to oppose Allstate's motion for summary partial judgment, but also to support their cross-motion for partial summary judgment. The report violates evidentiary rules and is not sufficient to support either of Plaintiffs' prayers.

### CONCLUSION

Plaintiffs failed to provide any competent summary judgment evidence to defeat Allstate's motion for summary partial judgment, or to support their cross-motion for partial summary judgment. Plaintiffs, including Dr. Lewis sued Allstate for additional insurance benefits under their flood policy. Dr. Lewis testified the contents portion of their claim were covered by Allstate's $40,157.30 payment. They cannot now allege there were additional contents damages by relying on information which were already available to them prior to Dr. Lewis' deposition. Therefore,

Allstate is entitled to summary partial judgment in its favor and against Plaintiffs as a matter of law. Allstate is also entitled to judgment as a matter of law as to Plaintiffs' cross-motion for partial summary judgment.

WHEREFORE, Defendant, ALLSTATE INSURANCE COMPANY, respectfully requests this Court to enter summary partial judgment in its favor and against Plaintiffs on their contents claim as a matter of law, and any other relief deemed just and proper.

Respectfully submitted,

/s/ J. Michael Pennekamp
J. Michael Pennekamp
Fla. Bar No. 983454
SDTX Bar No. 3337090
Email: jmp@fowler-white.com

Bruno Renda
Fla. Bar No. 91971
SDTX Bar No. 3356219
Email: rendab@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

<div align="right">CASE NO. 4:18-cv-03931</div>

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div style="margin-left: 50%;">
s/ Bruno Renda<br>
Bruno Renda
</div>

CASE NO. 4:18-cv-03931

- 8 -

## SERVICE LIST

CASE NO. 4:18-cv-03931

Martin Bienstock, Esq.
Weisbrod Matteis & Copley PLLC
1200 New Hampshire Avenue NW
Suite 600
Washington, DC 20036
E-Mail: mbienstock@wmclaw.com;
Telephone: (202) 751-2002
Facsimile: (202) 478-1795
Attorney for DAVID LEWIS and
MARGARET LEWIS

Nicholas S. Marsh, Esq.
Weisbrod Matteis & Copley PLLC
1200 New Hampshire Avenue NW
Suite 600
Washington, DC 20036
E-Mail: nmarsh@wmclaw.com
Telephone: (202) 804-6977
Attorney for DAVID LEWIS and
MARGARET LEWIS

Shane McClelland, Esq.
The Law Offices of Shane McClelland
24275 Katy Freeway
Suite 400
Katy, TX 77494
E-Mail: shane@hmtrial.com;
Telephone: (713) 987-7107
Facsimile: (832) 827-4207
Attorney for DAVID LEWIS and
MARGARET LEWIS

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200