UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID AND MARGARET LEWIS, § § *Plaintiffs*, § § v. § § ALLSTATE INSURANCE COMPANY, § § § § *Defendant*. § | CIVIL ACTION H-18-3931 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are cross motions for summary judgment filed by plaintiffs David and Margaret Lewis and defendant Allstate Insurance Company ("Allstate"). Dkts. 24, 30. After considering the motions, related briefing, exhibits, and applicable law, the court is of the opinion that both motions should be DENIED.

**I.    BACKGROUND**

This is an insurance case about a Hurricane Harvey claim. The dispute relevant to the current cross motions for partial summary judgment involves whether Allstate sufficiently paid a claim for damage to the contents of the Lewises' home. *See* Dkts. 24, 30. Allstate paid $40,157.30 for the contents, which represented its estimated total value of the damaged items minus the deductible and depreciation. Dkt. 24 & Exs. A, D. Allstate contends that the plaintiffs seek the remainder of the $67,000 policy limit on contents. Dkt. 24. However, Allstate argues that David Lewis testified during his deposition that the list of items the Lewises provided to Allstate was all of the items he had listed as being specifically lost and that he did not recall any other items that were damaged by the flood. *Id.* (quoting Dkt. 25, Ex. A (Lewis Dep.) at 34).

The plaintiffs argue that Allstate relies on a few lines of David Lewis's deposition, which fail to support summary judgment, and argue that the incontrovertible evidence demonstrates that the claim has, in fact, not been fully paid. Dkt. 30. They provide an affidavit in which David Lewis (1) points out the he stated during his deposition that he needed to look at the contents estimate to be able to say if Allstate had omitted or underpaid; and (2) notes that Allstate (a) did not include the washer and dryer, which were ruined by the flood, (b) did not include the contents of their refrigerators and freezers, (c) allowed for only a 6.25% sales tax rate when the sales tax rate in Houston is 8.25%, and (d) provided a seven percent depreciation rate on their good quality furniture. Dkts. 30, 30-1. The Lewises contend the value of these omitted items, as calculated by their expert, is $5,433.78. Dkts. 30, 30-1, 30-2. They argue that the total amount Allstate still owes for the contents claim is $5,433.78 plus interest. Dkts. 30, 30-2.

In response to the Lewises' arguments, Allstate asserts that its counsel did not ask Lewis to rely on his memory during the deposition and that he was handed the contents estimate to review. Dkt. 31. It notes that David Lewis had sufficient opportunity to correct or otherwise clarify his deposition testimony and failed to do so, and it argues that the contradicting affidavit offered as summary judgment evidence should thus not be considered by the court. *Id.* Allstate contends that the affidavit is an attempt to create a fact issue when there is none. *Id.* It additionally takes issue with the unsworn expert report offered by the Lewises, which it argues is not competent summary judgment evidence. *Id.*

The Lewises filed a reply to their cross motion in which they respond to Allstate's evidentiary arguments. Dkt. 34. They point out that Allstate fails to present any evidence other than David Lewis's deposition and that Lewis testified during the deposition that he could not recall specific contents that had been underpaid. *Id.* The Lewises argue that the deposition

2

testimony and the affidavit therefore are not contradictory. *See id.* As to the expert report, the Lewises provide a sworn declaration and assert that courts typically consider unsworn expert reports if the expert subsequently files a sworn declaration. *Id.*

## II.   LEGAL STANDARDS

### A.   Summary Judgment Standard

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 436 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2540 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### B.   Sham Affidavits

When a party submits an affidavit or declaration that contradicts prior deposition testimony in an effort to create an issue of material fact and survive summary judgment, it is known as a sham affidavit. "A court may determine that an affidavit [or declaration] is a sham when it contradicts previous deposition testimony and the party submitting the affidavit [or declaration] does not give any valid explanation for the contradiction." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (5th Cir. 2010). In those cases, the deposition testimony "should not automatically be disregarded." *Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d 732, 750 (S.D. Tex. 2012)

(Rosenthal, J.). Instead, courts "consider 'if sufficiently persuasive reasons are given [for the change in testimony], if the proposed amendments truly reflect the original deponent's original testimony, or if other circumstances satisfy the court that amendment should be permitted.'" *Id.* (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010)). The sham-affidavit rule "is applied sparingly because of the harsh effect it may have on a party's case." *Latimer*, 601 F.3d at 1237 (citations and quotation omitted).

C.     **Verification of Expert Testimony**

Under Federal Rule of Civil Procedure 56(c)(2), a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The comments to the Rule indicate that "the burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amendment. Under Rule 56(c)(4), a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (emphasis added). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e); *see also Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 634 (S.D. Tex. 2007) (Rosenthal, J.) (finding that an expert's "unsworn report did not constitute admissible summary judgment evidence," the "deficiency was cured" by a subsequently filed sworn declaration).

4

### III.     ANALYSIS

First, the evidentiary objection to the expert report is OVERRULED. The plaintiffs have cured any potential evidentiary issue created because the originally filed report was unsworn.

Next, the objection that David Lewis's affidavit is a sham affidavit is OVERRULED. The relevant testimony during the deposition is as follows:

> Q: Do you remember preparing an itemized list of the contents that were damaged as a result of the flood for Allstate?
> A: Yes, I do.
> Q: Okay. As far as you recall, were you compensated for the list that you submitted to Allstate after the flood?
> A: As I recall, all of the items that were on that list were included in the Allstate estimate.
> Q: And we're talking about Exhibit 5?
> A: That's correct.
> Q: As we sit here today, is there – was there any other contents damage that you felt were excluded from Allstate contents estimate, Exhibit No. 5?
> A: I would have to go back and look at what is in that estimate and what – and what is – what ultimately I needed to replace. I couldn't answer that right now.

Dkt. 25, Ex. A at 33—34. When questioned further, David Lewis said he did not recall anything specific that was not in the estimate. *Id.* at 34.

In the affidavit, David Lewis notes that he stated during his deposition that "in order to determine whether Allstate had fully paid my contents claim, I would need to go back and look at the contents estimate." Dkt. 30-1. He claims that he went back and reviewed the contents estimate along with the expert report, and his recollection was refreshed regarding items that were omitted or underpaid. *Id.* This affidavit is not necessarily contradictory to the quoted deposition testimony, and it does not appear to be a fabrication merely to create an issue of material fact. Rather, the expert report that David Lewis reviewed after his deposition actually does contain additional items that Lewis did not mention during the deposition; he is not making that up to create a fact.

Moreover, Lewis attempted to equivocate his answer during the deposition. The court finds that the affidavit offered is not a sham designed to create an issue of material fact when there was none.

Finally, the cross motions for summary judgment are DENIED. A trial is necessary to determine whether Allstate failed to compensate the Lewises for the damaged contents of their home under the terms of their insurance policy.

## IV. CONCLUSION

The cross motions for summary judgment (Dkts. 24, 30) are both DENIED.

Signed at Houston, Texas on July 30, 2020.

_____
Gray H. Miller
Senior United States District Judge