UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID AND MARGARET LEWIS,<br><br>  Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>  Defendant. | CASE NO. 4:18-cv-03931<br>Judge Nancy Atlas |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE AND MOTION FOR LEAVE TO SUPPLEMENT EXPERT WITNESS DESIGNATIONS**

Defendant, Allstate Insurance Company, files this response in opposition to plaintiffs, David and Margaret Lewis' motion in limine to exclude Allstate's experts (Dkt. 39), and moves for leave to supplement its expert witness designations, and respectfully asserts as follows:

**I. INTRODUCTION**

The lawsuit arises from a dispute over the scope and pricing of the damages and repairs to Plaintiffs' home following a flood event caused by Hurricane Harvey in 2017. Plaintiffs allege Allstate underpaid them for certain items of damage, while completely omitting others. Plaintiffs assert their building damages amounts to $172,630, in addition to Allstate's initial building payment of $82,517.51, and seek an additional $26,842.70 in contents damages. These figures represent the remainder of their policy limits of $250,000 under building coverage and $67,000 under contents.

Plaintiffs moved in limine almost literally at the "11th hour" (10:00 p.m., EST on the date of the deadline for motions in limine) to exclude the three experts disclosed by Allstate on October

10, 2019, alleging Allstate's designations were incomplete and untimely. Plaintiffs' motion in limine should be denied because Plaintiffs' "motion in limine" is a thinly veiled discovery motion to strike Allstate's experts for purported discovery violation which, by Plaintiffs' interpretation of the deadlines, is untimely and violates this court's local rules. Plaintiffs' motion should also be denied because Allstate's expert disclosures were timely and complete in accordance with this court's original docket control order (Dkt. 16), and subsequent extension of all its deadlines pursuant to this court's May 22, 2020 order. Dkt. 33.

## II. FACTS

Plaintiffs filed a "motion in limine" to exclude Allstate's experts disclosed on October 10, 2019 pursuant to the original June 12, 2019 docket control order. They allege Allstate's disclosures were incomplete and untimely. As a threshold matter, Plaintiffs fail to mention that the parties jointly requested the court "that ***all deadlines in the case*** be extended by 60 days, so that the parties may consensually resolve the matter," by motion dated May 22, 2020 (Dkt. 32), which the court granted the same day. Dkt. 33. (Emphasis added).

Plaintiffs also fail to mention that Allstate designated Kevin Rice and Byron Boykin to testify as flood claims adjusting experts. Rice and Boykin were two of at least four independent adjusters retained by Allstate prior to the institution of this lawsuit to: investigate Plaintiffs' claim, document their damages, and prepare estimates of the cost to bring Plaintiffs' property back to its pre-loss condition. Contrary to Plaintiffs' arguments, reports containing Rice and Boykin's opinions regarding the scope and pricing of the Plaintiffs' damages were disclosed to Plaintiffs in April, 2019 and are exhibits 4 and 5 to David Lewis' August 30, 2019 deposition. Furthermore, Rice and Boykin are not retained experts and therefore are not required to submit a written report under Rule 26 and this court's original docket control order. Dkt. 16.

Similarly, Plaintiffs' allegations regarding Allstate's expert general contractor, Randall Taylor, are equally meritless. Taylor was timely disclosed on October 10, 2019, and his opinions are sufficiently described in Allstate's expert witness designations pursuant to the original docket control order. *See id.*; *and see* Ex. A, Allstate's Expert Witness Discl. According to the order, the parties' experts had to be identified by a report "listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion." *Id.* Allstate's disclosure attached Taylor's CV as exhibit A, and stated that Taylor will testify regarding the "cost to rebuild and/or repair the flood-related damage to the Plaintiffs' property, the adequacy of the repair methods used by the Plaintiffs' contractor(s), and whether such repairs were necessary to return the property to its pre-loss condition, or constituted improvements." Taylor's opinions were and still are based on his education, training and experience," as applied to documents exchanged by the parties in discovery, which are still trickling in from Plaintiffs. The only other basis not mentioned in the disclosures which Taylor will rely upon for his testimony was the property inspection which occurred January 9, 2020 ***with Plaintiffs' consent.*** *See* Ex. B, Notice of Inspection.

Allstate did not submit Taylor's complete report immediately after the January 9 inspection because Plaintiffs' property had been completely rebuilt prior to the inspection, wiping out all evidence of damages. This meant Taylor had to rely, in part, on the documents produced by Plaintiffs and third-parties which were still coming in as recently as July 27, 2020. In addition, since Plaintiffs' property was completely rebuilt, Taylor wanted to obtain the pre-construction plans Plaintiffs' contractors submitted to the City of Houston to obtain permits. Allstate subpoenaed Houston Permitting Center to produce the plans immediately after Taylor's inspection on January 16, 2020. *See* Ex. C, Return of Serv., Houston Permitting Center. However, by the time the plans became available for pick up (the city would not mail them), the Coronavirus pandemic

was spreading throughout the state, particularly in Houston, which made it impossible for Allstate to retrieve the records. *See* Ex. D, E-mails with Houston Permitting Center.

Even if the court deems Allstate's expert disclosure as incomplete and untimely, Plaintiffs motion is also untimely and in violation of this court's order and local rules, and should be denied. In the alternative, Plaintiffs' motion should be denied, because Plaintiffs suffered no harm from Allstate's alleged failure to timely and completely disclose its experts. Taylor's reports submitted with Allstate's exhibit list merely expound on what Plaintiffs and their experts already know, i.e., Allstate disagrees with all additional items of damages sought by Plaintiffs beyond those contained in Allstate's repair estimates. Moreover, Plaintiffs made no effort to depose Allstate's experts in the almost nine (9) months since these experts were designated, thereby demonstrating that the Plaintiffs lack "clean hands" in seeking sanctions against Allstate.

### III. **MEMORANDUM OF LAW**

**A. Plaintiffs' motion "in limine" is a thinly veiled improper discovery motion to strike.**

Plaintiffs motion is a "motion in limine" in name, only. In truth, Plaintiffs are moving to strike Allstate's experts alleging a discovery violation because, according to them, Allstate's expert witness disclosures were incomplete and untimely, under the original docket control order setting expert disclosures deadline on October 10, 2019.

Plaintiffs' motion violates Southern District of Texas Local Rule 7.1 D and this court's internal Procedures. Local Rule 7.1D provides that opposed motions "shall":

> Except for motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, contain an averment that (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion.

Rule 7 of this court's internal procedures provides, in relevant part:

> Every **non-dispositive motion must** contain a **certificate of conference.** Failure to comply may result in the party's motion being denied or stricken.
>
> Any party with **discovery or scheduling issues** must send a **BRIEF letter** explaining the matters in disupte [sic] and the relief requested, and should seek a prompt conference with the Court **before** submission of any motion papers.

*See* Rule 7 A., 2, and 5. (Emphasis in original). The Rule goes on to state:

> Counsel are responsible for **conferring in good faith to resolve discovery and scheduling disputes.** If counsel for the parties are unable to reach an agreement, a conference with the Court must be sought by **letter** summarizing the relief sought. The request MUST specify the date, time and place of the parties' prior out-of-court discovery or scheduling discussion(s), the names of all counsel participating therein, and give a *brief* summary of the results of the discussions.

*See* Rule 7 C., 1. (Emphasis in original).

In derogation of LR 7.1D, the Plaintiffs' motion "in limine" to strike Allstate's expert witnesses contains no averment of conference. Additionally, in violation of Rule 7 A. and C. of this court's internal Procedures, Plaintiffs filed the instant motion without obtaining prior approval of this court and without first contacting the court by letter discussing the discovery dispute. Therefore, the Plaintiffs' motion fails to satisfy conditions precedent to its filing.

In addition, if Plaintiffs disagree that all pre-trial deadlines were extended on May 22, Plaintiffs should have filed this motion by the original motion practice deadline of April 6, 2020, rather than ignoring the rules they now seek to enforce by disguising their motion as a "motion in limine."

Consequently, the Plaintiffs' motion should be denied on these grounds alone.

### B. Allstate's designation of its independent adjusters complies with Rule 26(a)(2)(B).

Plaintiffs' assertion that Allstate was required to tender expert reports for its independent adjusters, Rice and Boykin is demonstrably wrong. Under Fed. R. Civ. P. 26(a)(2)(B), the requirement of a written report only applies to those persons who are "retained or specially employed to provide expert testimony in the case." Both the Rules' Advisory Committee and the case law interpreting the Rules make it clear that non-retained experts can be deposed or called to testify at trial without any presentation of a written report. *See* Advisory Committee Notes to Rule 26 ("The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."); *see also Shapardon v. West Beach Estates*, 1 F.R.D. 415, 416-417 (D. Hawaii) (and cases cited therein).

Rice and Boykin are not "retained" experts and not "employed to provide expert testimony." They flood claims adjusters who were involved in the Plaintiffs' claim, and are experts by virtue of their experience and familiarity with the claim. Therefore, Plaintiffs' attempt to exclude them based on their purported failure to provide reports is baseless as a matter of law.

### C. There is no support for precluding Allstate's experts from testifying at trial.

Should this court determine that Allstate did not fully comply with its docket control order, striking Allstate's experts is still unsupported by facts in this case. The Fifth Circuit Court of Appeals reviews a district court order striking a party's expert witnesses as a sanction for violation of a discovery order for abuse of discretion. *Sierra Club, Lone Star Chap. v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). The following four factors are considered to determine whether the trial court abused its discretion:

(1) the importance of the witnesses' testimony;
(2) the prejudice to the opposing party of allowing the witnesses to testify;
(3) the possibility of curing such prejudice by granting a continuance; and
(4) the explanation, if any, for the party's failure to comply with the discovery order.

*See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

### 1. Allstate's experts' testimony is vital to its defenses.

The disputed issues in this case are hyper technical and demand expert testimony to be fully briefed for this court. Allstate's defenses are primarily based on the interpretation of the Standard Flood Insurance Policy ("SFIP") as applied to the damages sought by Plaintiffs. The SFIP is a "single risk" insurance policy which responds only to "direct physical loss by or from flood." *Wagner v. Director, FEMA*, 847 F.2d 515 (9th Cir. 1988). As such, to obtain a judgment for covered damages, it is the Plaintiffs' burden to establish that the monies they seek are for damages due to flood, and not due to other casualties or causes. Once Plaintiffs show their damages are covered, they then have to **prove the exact amount of the judgment they seek.** *Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 392 n.1 (5th Cir. 2009)(emphasis added). In fact, it is not the court's role to "guess" what amount the Plaintiffs are seeking, or the amount to which they are entitled. *Mahood v. Omaha Prop. & Cas.*, 174 F.Supp.2d. 284 (E.D.Pa. 2001).

Here, Plaintiffs allege Allstate underpaid for hundreds of damaged items and omitted payment for hundreds more. Allstate, on the other hand, asserts that Plaintiffs are seeking a windfall to cover substantial renovations made to their property, which include rewiring and re-plumbing the entire residence because of their choice to raise its foundation, a complete (and elective) reconfiguration of the home's interior, and significant upgrades to other portions of the property. These issues alone require expert testimony, but are further aggravated by the fact all repairs were completed. Therefore, Allstate's entire analysis of the case can only be done

forensically by experts in claims adjustment and a general contracting. If this court excludes Allstate's experts, it is effectively granting Plaintiffs are directed verdict.

### 2. Plaintiffs know exactly what Allstate is disputing and will not be prejudiced if its experts testify.

Plaintiffs and their experts are keenly aware of what their property looked like before the flood, and what they asked various contractors to do, in addition to flood-related repairs. They know whether the work they commissioned was necessary to return the property to its pre-loss, "like kind and quality" condition, or whether it constituted additions, modifications and/or improvements.

In addition, all of the opinions expected from each Allstate expert are based on the documents and evidence already disclosed in the case, including Plaintiffs' deposition, and the deposition of their general contractor, Ron Bernosky. Nothing in Rice, Boykin, or Taylor's testimony will come as surprise to Plaintiffs or their experts, which is likely the reason they never sought Allstate's experts' depositions in the first place, even though they had nine (9) months to do so.

### 3. Any prejudice to Plaintiffs can be cured by a short continuance.

Allstate is not asking for a continuance nor does it think one is needed. However, in light of the pandemic affecting Florida where defense counsel is located, and Texas where this case lies, a short continuance permitting Allstate to supplement its expert designations would allow Plaintiffs to digest Allstate's expert reports, or take their depositions, would cure any perceived prejudice.

### 4. Allstate did not engage in delay tactics or trial by ambush.

There is no evidence that Allstate "engaged in dilatory conduct clearly violative of the district court's orders." *Barrett*, 95 F.3d at 380. Allstate's delay in submitting a formal report, if any, is due to a combination of a document-intensive litigation which resulted on ongoing disclosure of evidence of damages by Plaintiffs, with the onset of the pandemic which prevented Allstate's fact gathering efforts. Nothing in Allstate's conduct even hints at malfeasance toward Plaintiffs.

## IV. CONCLUSION

Allstate complied with the court's docket control order when it submitted its expert witness disclosures "listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion." Plaintiffs' disguised motion to strike Allstate's experts is untimely and against this court's rules. If the court believes Allstate violated its order, all four factors to be considered in determining whether Allstate's experts should be excluded weigh heavily against it, and this court should not strike them.

WHEREFORE, defendant, Allstate Insurance Company, respectfully requests this honorable court to deny Plaintiffs' motion in limine striking its experts, to allow Allstate to supplement its expert disclosures and any other relief deemed just and proper.

CASE NO. 4:18-cv-03931

Respectfully submitted,

/s/ J. Michael Pennekamp
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com

Bruno Renda
Fla. Bar No. 91971
Email: rendab@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Bruno Renda
Bruno Renda

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14III FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

## SERVICE LIST

CASE NO. 4:18-cv-03931

| | |
|---|---|
| Martin Bienstock, Esq.<br>Bienstock PLLC<br>1629 K St. NW, Suite 300<br>Washington, DC 20006<br>(O) (202) 908-6601<br>(C) (202) 731-1204<br>Email: MBienstock@BienstockPLLC.com<br><br>Attorney for DAVID LEWIS and<br>MARGARET LEWIS | Shane McClelland, Esq.<br>The Law Offices of Shane McClelland<br>24275 Katy Freeway<br>Suite 400<br>Katy, TX 77494<br>E-Mail: shane@hmtrial.com;<br>Telephone: (713) 987-7107<br>Facsimile: (832) 827-4207<br><br>Attorney for DAVID LEWIS and<br>MARGARET LEWIS |