# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DAVID AND MARGARET LEWIS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-18-3931 |
| § | |
| ALLSTATE INSURANCE COMPANY, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion in limine filed by plaintiffs David and Margaret Lewis. Dkt. 39. The Lewises filed this motion to exclude three expert witnesses designated by defendant Allstate Insurance Company ("Allstate"). *Id.* Having considered the motion, associated memoranda, and the applicable law, the court is of the opinion that the Lewises' motion in limine to exclude the expert testimony of Kevin Rice and Byron Boykin should be DENIED, but Allstate should supplement its Rule 26(a)(2)(C) disclosures relating to these two witnesses. Additionally, the Lewises' motion in limine to exclude the expert testimony of Randall Taylor should be DENIED, but that the Lewises should be provided the opportunity to depose Taylor prior to trial.

### I. BACKGROUND

In August of 2017, Hurricane Harvey made landfall along the coast of Louisiana and Texas as a category 4 hurricane. As a result, many homes along the gulf coast were flooded and damaged. One such home belonged to the Lewises. Dkt. 1. At the time of the flood, the Lewises' home was insured by Allstate, which was participating in the U.S. Government's National Flood Insurance Program ("NFIP"). Dkt. 1. After inspection was completed by the Lewises' experts, the Lewises

submitted a Proof of Loss payment to Allstate in the amount of $246,534.50. *Id.* The Lewises allege that Allstate denied coverage and failed to issue payment pursuant to the obligations owed under the Insurance Policy. *Id.* The Lewises subsequently filed this complaint for breach of contract. *Id.*

In July of 2020, the Lewises filed a motion in limine to exclude three expert witnesses designated by Allstate. Dkt. 39. Randall Taylor, a general contractor, inspected the house and "is expected to testify based on his education, training and experience, regarding the cost to rebuild and/or repair the flood-related damage to the Plaintiffs' property, the adequacy of the repair methods used by the Plaintiffs' contractor(s), and whether such repairs were necessary to return the property to its pre-loss condition, or constituted improvements." Dkt. 43 (response) & Ex. A (designations). Kevin Rice and Byron Boykin are both insurance adjusters who plan "to testify regarding the damages caused by the storm to Plaintiffs' property and the cost/method to repair the property as well as rebut certain testimony offered by Plaintiffs and/or Plaintiff's' witnesses." Dkt. 43 & Ex. A (designations).

Shortly after filing the instant motion in limine, the Lewises filed their objections to Allstate's exhibits and witnesses. Dkt. 42. They object to Taylor's "purported expert reports" that "never previously were served on Plaintiffs." Dkt. 42. This filing thus indicates that the Lewises now have access to the reports.

The discovery deadline in this case was January 17, 2020. Dkt. 22. Allstate notes that Taylor could not file his report was unable to inspect the Lewises' property until January 9, 2020, which is a date that was agreed upon by the Lewises. Dkt. 43. At that point, the property had been completely rebuilt, which required Taylor to rely, in part, on documents produced by third parties subsequent to the inspection. *Id.* Taylor thus did not provide his report immediately after the

2

inspection. *Id.* Due to the pandemic, documents were delayed, some of which Allstate contends were still coming in as recently as July 27, 2020. *Id.*

The Lewises argue that Allstate failed to comply with the requirements of expert disclosure under Rule 26(a)(2)(B) and 26(a)(2)(C), and as such, all three experts should be excluded. Dkt. 39. Allstate contends that the Lewises did not meet and confer prior to filing their "motion in limine," which Allstate contends is a motion to strike in disguise. Dkt. 43. The motion, whether it be a motion in limine or a motion to strike, is ripe for the court's consideration.

## II. LEGAL STANDARDS

### A. Rule 26(a)(2)(B)

The first issue is whether these witnesses are "retained" or "specially employed" witnesses under Rule 26(a)(2)(B) or whether they are nonretained experts under Rule 26(a)(2)(C). Under Rule 26(a)(2)(B), the disclosure of expert witnesses must be accompanied by a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

If the expert witnesses in this case are "retained" or "specially employed," then they must provide a written report. However, if they are nonretained or not specially employed, they are not required to do so. A witness is "specially employed" under Rule 26(a)(2)(B) "when she has no personal involvement in facts giving rise to the case and is instead engaged specially by a party to provide opinions and testimony bearing on the particulars of a case without monetary payment for those services." *Tolan v. Cotton*, No. 09-1324, 2015 WL 5332171, at *7 (S.D. Tex. Sept. 14, 2015) (Harmon, J.). She is retained if she provides expert opinion or testimony in exchange for a fee. *Id.*

> [S]everal district courts have followed the lead of [*Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011)] and held that the distinction between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is that 26(a)(2)(C) experts' conclusions and opinions arise from firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit, and not conclusions they formed because they were recruited to testify as an expert after-the-fact.

*Id.*

The First Circuit has held that "interpreting the words 'retained or specially employed' in a common-sense manner, consistent with their plain meaning, we conclude that as long as an expert was not retained or specially employed in connection with the litigation, and his opinion about causation is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B)." *Downey*, 633 F.3d at 7. The major factor in determining whether an expert witness falls under the requirements of Rule 26(a)(2)(B) is whether the expert's testimony relies on information gathered before the start of litigation. *See id.* (holding that where "the expert is part of the ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not of a retained or specially employed expert"); *Tolan*, 2015 WL 5332171 at 7 (holding that a witness is "specially employed" if "she has no personal involvement in the facts giving rise to a case").

Magistrate Judge Nancy Johnson of the Southern District of Texas relied on this standard in *Atlas Imports Inc. v. Atain Specialty Insurance Company*, No. H-18-1115, 2020 WL 4574521 (S.D. Tex June 10, 2020). In that case, which involved an insurance claim arising out of damage due to Hurricane Harvey, both parties were seeking to exclude expert witnesses. 2020 WL 4574521, at *5. In particular, the plaintiff was seeking to exclude the defendant's expert on insurance industry standards, Michael Spinazzola. The plaintiffs in *Atlas* argued that Spinazzola

4

was a "retained" or "specially employed" expert under Rule 26(a)(2)(B). *Id.* Quoting *Tolan*, which was a medical malpractice case, the court concluded that "Spinazzola's testimony makes it clear that he was not personally involved in the facts giving rise to this lawsuit. Accordingly, Spinazzola is 'specially employed' such that a Rule 26(a)(2)(B) report was required." *Id.* at *6.

**B.     Rule 26(a)(2)(C) Requirements**

Rule 26(a)(2)(C) states that witnesses who are not required to submit written reports are still required to disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26 (a)(2)(C).

As the court in *Tolan* points out, "[t]he Advisory Committee's Note for the 2010 amendment of this provision states, 'This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.'" *Tolan*, 2015 WL 5332171, at *5.

Although these disclosures are not as extensive as required under Rule 26(a)(2)(B), subsection (ii) still requires a "summary of the facts and opinions to which the witness is expected to testify." Under this standard, "[a] mere statement of the topics of their opinions is insufficient," and "merely stating the topic matters of facts relied upon does not suffice." *Tolan*, 2015 WL 5332171, at *5 (quoting *Little Hocking Water Assoc., Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09–cv–1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar.11, 2015)).

### III. ANALYSIS

They Lewises argue that Allstate's experts should be excluded on two grounds. First, they argue that the experts should be excluded for failing to provide a written report in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) since they are "retained" or "specially employed" experts who are required to do so under the rule. *Id.* Second, they argue that even if these witnesses are not "retained" or "specially employed" experts, their testimony should be excluded as a result of inadequate disclosure by the defendant under Federal Rule of Civil Procedure 26(a)(2)(C). *Id.* Allstate opposes this motion on the grounds that its expert designations comply with Rule 26 and that, regardless, the Lewises did not follow the proper procedure when filing this motion, which should have been filed as a motion to strike not a motion in limine. Dkt. 43. Allstate additionally argues that striking its experts as a sanction for not timely filing reports would be an abuse of discretion as it would be highly prejudicial to Allstate and any prejudice to the Lewises is easily cured. *Id.* (citing the factors in *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)).

**A.     Rule 26(a)(2)(B)**

The Lewises argue that the witnesses designated by the defendant are "retained" or "specially employed" as defined by Rule 26(a)(2)(B), and they should thus be required to provide a written report. Dkt. 39. First, the Lewises assert that since Taylor is a "foreigner to the case," he is a retained witness. Dkt. 39. Second, they claim that since Rice and Boykin were retained specifically to "establish and defend a position on Allstate's behalf," they likewise fall under the rule. *Id.*

In its response, Allstate first argues that the court should not consider the Lewises' motion because it is actually a motion to strike Allstate's experts, and that Allstate did not follow the requirement to confer with Allstate prior to filing the motion or follow this court's procedure for

discovery and scheduling disputes. Dkt. 43. It argues that if the court elects to consider the motion, it should deny it as to Rice and Boykin because they are not "retained" or "specially employed"; they are regularly employed as flood claims adjusters and "are experts by virtue of their experience and familiarity with the claim." *Id.* As far as Taylor, Allstate contends striking its expert is too strong of a sanction for not providing the report in a timely manner considering the circumstances. *Id.*

First, the court declines Allstate's invitation to deny the Lewises' motion on procedural grounds. While the court agrees that the Lewises should have moved to exclude the witnesses long ago if it believed the disclosures inadequate or was concerned about the lack of an expert report, Allstate also did not timely file its report or communicate with the Lewises' counsel about the delay. Thus, while certainly counsel should have communicated about this case better all around, this case has been significantly delayed because of the pandemic, and the court therefore exercises its discretion to consider the substance of the motion notwithstanding its unusual procedural posture.

  1.  **Rice and Boykin**

Given the prevailing interpretation of Rule 26(a)(2)(B) discussed in *Tolan* and *Atlas*, Rice and Boykin are not "retained" or "specially employed" because they both "had personal involvement in facts giving rise to the litigation." *Tolan*, 2015 WL 5332171, at *7. The facts of this case are almost identical to those in *Atlas*. Like in *Atlas*, the motion and response in this case both indicate that Rice and Boykin were the original claims adjusters, and as such, were assigned to the plaintiffs' insurance claim prior to the filing of the original petition. Dkts. 39, 43. For this reason, Rice and Boykin were not required to file a Rule 26(a)(2)(B) written report and thus cannot

7

be excluded for failing to do so. The Lewises' motion to exclude Rice and Boykin for failure to provide a report is **DENIED**.

    **2.    Taylor**

Taylor was brought in to inspect the plaintiffs' home on January 9, 2020, well after the start of litigation. Dkt. 43, Ex. B. According to Allstate's expert witness designation, Taylor will be testifying to "the adequacy of the repair methods used by the Plaintiffs' contractor(s), and whether such repairs were necessary to return the property to its pre-loss condition, or constituted improvements." Dkt. 43, Ex. A. Allstate stated in its designation filing that "Mr. Taylor's opinions and report will be submitted to counsel under separate cover." *Id.* It thus appears that Allstate itself intended to designate Taylor as a "specially employed" expert witness under Rule 26(a)(2)(B). He is thus a retained expert, and a report should have been filed.

The court must consider the following factors when determining whether to sanction a party under Rule 37(b)(2)(B) for failing to comply with a discovery order:

> (1) the importance of the witnesses' testimony;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

Given the circumstances and the fact that trial has been delayed due to the pandemic, the court finds that excluding the report is not an appropriate sanction. Allstate convincingly argues that Taylor's testimony is central to its case. *See* Dkt. 43. However, the Lewises, knowing the topics of Taylor's testimony from Allstate's disclosures and being reminded of Taylor's role when he inspected their house last January, did not seek to depose Taylor during discovery.

Additionally, the trial has been substantially delayed due to the pandemic, and the Lewises have now had access to Taylor's report for several months, so they will not be surprised by Taylor's opinions. The only potential prejudice at this point is that the Lewises did not depose Taylor during discovery, but this prejudice is easily remedied since the trial is not set until April 5, 2021. *See* Dkt. 46. The court finds that best solution is for the Lewises to be provided the opportunity to depose Taylor prior to trial should they desire to do so. Accordingly, the motion to exclude Taylor as an expert is **DENIED**, but Allstate is **ORDERED** to make Taylor available for a deposition.

**B.    Rule 26(a)(2)(C)**

The Lewises additionally argue that the expert disclosures provided by Allstate are inadequate under Rule 26(a)(2)(C), and their testimony should therefore be excluded. Dkt. 39. Since the Lewises now have an expert report filed by Taylor, the court will consider this objection only as it relates to Rice and Boykin.

In *Tolan*, the court found that the plaintiff's disclosures under Rule 26(a)(2)(C) were inadequate when the plaintiff asserted that the expert witnesses "will offer opinions and testimony regarding Robert Tolan's prospects as a major league baseball player before and after his injuries." *Id.* at *7. This nonspecific language mirrors the language used by the defendant in this case: "Mr. Rice is expected to testify regarding the damages caused by the storm to Plaintiffs' property and the cost/method to repair the property as well as rebut certain testimony offered by Plaintiffs and/or Plaintiff's' witnesses." Dkt. 43, Ex. A. This is likewise true for Boykin: "Mr. Boykin is expected to testify regarding the damages caused by the storm to Plaintiffs' property and the cost/method to repair the property as well as rebut certain testimony offered by Plaintiffs and/or Plaintiffs' witnesses." *Id.* The defendant does not provide "a summary of the facts" but merely states "the

9

topic matters of facts relied upon." *See* Fed. R. Civ. P. 26(a)(2)(C)(ii); *Tolan*, 2015 WL 5332171, at *6. For this reason, the defendant's disclosures under Rule 26(a)(2)(C) are inadequate.

However, this inadequacy does not automatically require exclusion. Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." Fed. R. Civ. P. 37(c)(1) (emphasis added). If the inadequacy is harmless, the court need not exclude the information or witnesses. That is true in this case. As stated above, Rice and Boykin have been involved in the facts of this case since before litigation began. They were the original adjusters on the Lewises' insurance claim, and as such, their views and opinions are likely known to the plaintiffs. Dkts. 39, 43. As Allstate states in its response, "all of the opinions expected from each Allstate expert are based on the documents and evidence already disclosed in the case, including Plaintiffs' deposition[s]." Dkt. 43.

For this reason, the court finds that the inadequacy is harmless and Rice's and Boykin's testimony should not be excluded. However, given the brevity of the defendant's expert disclosure, Allstate shall supplement its disclosures to meet the requirements of Rule 26(a)(2)(C) in the interest of fairness and transparency. *See* Fed. R. Civ. P. 26(e)(1)(B).

## IV. Conclusion

The Lewises' motion in limine to exclude Allstate's experts is DENIED. However, Allstate shall amend its expert disclosures to comply with Rule 26(a)(2)(C) within fourteen days of the date of this order. Additionally, the parties shall meet and confer regarding a deposition of Taylor within seven days of the date of this order. If the Lewises wish to depose Taylor prior to trial, then Allstate shall make Taylor available for a deposition within thirty days of the date of this order.

Signed at Houston, Texas on February 5, 2021.

Gray H. Miller
Senior United States District Judge